UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATHANIAL ROCKWOOD, | ) |
| Petitioner, | ) |
| v. | ) Case No. 20-cv-1214-JES |
| F. ENTZEL, Warden, FCI Pekin, | ) |
| Respondent. | ) |

# ORDER & OPINION

Before the Court is Petitioner Nathanial Rockwood's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (d/e 1) and Respondent's Motion to Dismiss (d/e 4). Rockwood challenges the sentence enhancement he received under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), arguing that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), he no longer has the three predicate prior convictions needed to impose the enhancement. Respondent argues the Petition must be dismissed because Rockwood waived the right to collaterally attack his sentence in his plea agreement. For the reasons below, the Court GRANTS Respondent's Motion to Dismiss (d/e 4) and DISMISSES Petitioner's Petition (d/e 1).

## I. BACKGROUND

In April 2018, a grand jury in the District Court for the Southern District of Iowa charged Rockwood with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(2), and possession of methamphetamine, in violation of 21 U.S.C. § 844(a). *See United States v. Rockwood,* 3:18-cr-36 (S.D. Iowa), Indictment, d/e 17. Rockwood pled guilty to the firearms charge pursuant to a written plea agreement in exchange for the government's dismissal of the drug charge and its agreement to recommend that Rockwood receive credit for acceptance

of responsibility. *Rockwood,* 3:18-cr-36 (S.D. Iowa), Plea Agreement, d/e 36 at 1, 5. In his plea agreement, Rockwood also waived his appeal and collateral attack rights:

> Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

*Id*. at 8-9. In signing the agreement, Rockwood represented that he had read it completely, had discussed it with his attorney, and was satisfied with his attorney's services. *Id*. at 10. At the change of plea hearing, the magistrate judge advised Rockwood about the potential enhancement of his sentence under the Armed Career Criminal Act ("ACCA"), 28 U.S.C. § 924(e), which would make the mandatory minimum sentence fifteen years imprisonment. *Rockwood,* 3:18-cr-36 (S.D. Iowa), July 9, 2018 Minute Entry, d/e 34.

The United States Probation Office prepared a presentence investigation report, which recommended enhancement of Rockwood's sentence under § 924(e) based on his 1994 conviction for aggravated battery in Illinois, 2003 conviction for manufacture/delivery of cocaine in Illinois, and 2010 conviction for domestic abuse assault (second offense) in Iowa. PSR at 7, 8, 16, 21 (d/e 7). Without the § 924(e) enhancement, Rockwood would have faced a statutory maximum penalty of ten years in prison pursuant to 28 U.S.C. § 924(a)(2). At the sentencing hearing on December 20, 2018, the court sentenced Rockwood to 210 months' imprisonment.

Rockwood filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (d/e 1) in June 3, 2020, challenging the sentence enhancement he received under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Specifically, Rockwood argues that after recent changes in the law, he no longer has the requisite three predicate offenses for the

enhancement to apply. After being ordered to respond, Respondent filed a Motion to Dismiss on August 6, 2020 (d/e 4). Rockwood has not filed a timely response.

## II. DISCUSSION

When Rockwood pled guilty to the 18 U.S.C. § 922(g)(1) charge in his criminal case, he received substantial concessions from the government: the dismissal of the drug charge and the government's agreement to recommend that Rockwood receive credit for acceptance of responsibility. As part of the exchange for these concessions, Rockwood agreed to waive the right to collaterally attack his sentence. Because the right to collaterally attack a conviction or sentence is a statutory creation, it "can be waived." *United States v. Wilkozek*, 822 F.3d 364, 367 (7th Cir. 2016). Moreover, "[i]t is well-settled that waivers of direct and collateral review in plea agreements are generally enforceable." *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013). *See also Oliver v. United States*, 951 F.3d 841, 846 (7th Cir. 2020) ("Finality matters in plea agreements, especially when the parties have negotiated for it expressly.").

Rockwood has not filed a response nor otherwise made any argument that his collateral attack waiver is invalid, and the Court finds that it is not. The Seventh Circuit has "recognized only a 'few narrow and rare' grounds for not enforcing a voluntary and effectively-counseled waiver of direct appeal or collateral review," including "if a district court relied on a 'constitutionally impermissible factor' like race or gender; if the sentence exceeded the statutory maximum; or if the proceedings lacked a 'minimum of civilized procedure.'" *Oliver*, 951 F.3d at 844 (7th Cir. 2020); *United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). None of these circumstances are present here. In *United States v. Carson*, 855 F.3d 828 (7th Cir. 2017), the Seventh Circuit also addressed a petitioner who was challenging his sentence enhancement on his 18 U.S.C. § 922(g)(1) count under the Armed Career Criminal Act in light of changes in

the law that he argued meant he did not have the requisite three predicate offenses, as Petitioner seeks to do here. *Id.* at 829. The petitioner also had a plea agreement that waived his right to appeal, but argued that the waiver could be ignored because he was arguing his sentence exceeded the statutory maximum. *Id.* at 830. However, the Seventh Circuit rejected this argument as "entirely circular" because "it is not possible to determine if Carson's sentence as an armed career criminal is illegal (or a miscarriage of justice) without resolving the merits of his appeal." *Id.* at 831 (citing *United States v. Worthen*, 842 F.3d 552, 555 (7th Cir. 2016)). In doing so, the Seventh Circuit distinguished their decision in *United States v. Gibson*, 356 F.3d 761 (7th Cir. 2004), where "no analysis was necessary to understand that the sentence imposed exceeded the statutory cap." *Carson*, 855 F.3d at 831 (citing *Worthen*, 842 F.3d at 555).

Moreover, the Seventh Circuit's recent decision in *Oliver v. United States*, 951 F.3d 841 (7th Cir. 2020), reaffirmed the holdings in *Carson* and *Worthen* and rejected arguments that a waiver could be invalidated depending on the merits of the disputed challenge. *Id.* at 847. *Oliver* also rejected the petitioners' arguments that the waiver should not be enforced because they raised a jurisdictional challenge or because enforcing the waivers would result in a miscarriage of justice. *Id.* Accordingly, the Court finds that any argument for ignoring Rockwood's collateral attack waiver are foreclosed by the Seventh Circuit's holdings in *Carson, Worthen,* and *Oliver*, and, therefore, that his collateral attack waiver precludes his challenge here.

### III.  CONCLUSION

For the reasons stated above, Respondent's Motion to Dismiss (d/e 4) is GRANTED and Petitioner Rockwood's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (d/e 1) is

DISMISSED with prejudice.  This case is CLOSED.  The Clerk is DIRECTED to prepare the Judgment.

Signed on this 18th day of September 2020.

*/s/ James E. Shadid*
James E. Shadid
United States District Judge